**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. CR-23-002-RAW** |
| **GREGORY ALLEN TALLEY,** | |
| **Defendant.** | |

## **ORDER**

Before the court is the Defendant's Motion for Early Termination of Supervised Release [Dkt. No. 60]. For the foregoing reasons, the Motion is DENIED.

On February 9, 2023, the Defendant Gregory Talley pleaded guilty to a single count of indictment, charging him with Possession of a Firearm after Conviction of a Misdemeanor Crime of Domestic Violence, in violation of 18 U.S.C. §§ 922(g)(9) & 924 (a)(8). The court sentenced the Defendant to twelve (12) months and one day of a custodial sentence and three years of supervised release. The Defendant began his term of supervised release on February 23, 2024. The court also imposed a $100 special assessment, which has been paid in full.

Now, after serving approximately half of his supervised release term, Mr. Talley requests early termination. Mr. Talley argues that his supervised release should be terminated because he has consistently maintained employment, sobriety, and community involvement. Dkt. No. 60 at 2. Additionally, Mr. Talley has no reported violations while on supervision.

The government opposes the request based on Mr. Talley's extensive criminal history, which includes multiple DUI's and other arrests and convictions for domestic assault between 1996 and 2021. Additionally, the government points out that granting early termination may create sentencing disparities. The probation office for the Eastern District of Oklahoma reports that Mr.

1

Talley has maintained employment and sobriety while under supervision. Additionally, Mr. Talley lives with and cares for his disabled brother, who is in a wheelchair. Furthermore, the supervising officer opines that Mr. Talley is likely not a risk to third parties because he is not involved in a romantic relationship. The probation office also pointed out that Mr. Talley's extensive criminal history was concerning.

The federal sentencing guidelines provide that a court may modify, reduce, or enlarge conditions of release when warranted by an individualized assessment of the appropriateness of existing conditions. After one year of supervision has expired, a court may terminate a period of probation early based on an individualized assessment of the need for ongoing supervision. Early termination may be granted if it is warranted based on the individual's conduct and the interest of justice. USSG § 5D1.4 (a) & (b); 18 U.S.C. § 3583 (e) (1) & (2). Suggested factors that courts may consider in conducting an individualized assessment are:

> (i) any history of court-reported violations over the term of supervision;
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
> (iii) the defendant's substantial compliance with all conditions of supervision;
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

§ 5D1.4. Modification, Early Termination, and Extension of Supervised Release (Policy Statement), FCJ Federal Sentencing Guidelines Manual § 5D1.4 (11/1/25).

Additionally, pursuant to 18 U.S.C. § 3564, a court should consider the factors set forth in § 3553(a) to the extent they are applicable when determining whether to terminate a term of probation.

While the court is encouraged by Mr. Talley's progress and adherence to the terms of supervised release, the Defendant's extensive criminal history indicates a pattern of failure to lawfully self manage. Therefore, based on an individualized assessment of the need for ongoing supervision, the court finds that early termination is not warranted, nor in the interest of justice to grant early termination at this time.

Therefore, having considered both the factors suggested by the sentencing guidelines and the factors laid out in § 3553(a), the motion is DENIED.

**IT IS SO ORDERED** on this 19th day of May, 2026.

_____

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**